UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER JOHN CRANE,

        Plaintiff,

  v.

        Case No. 22-cv-535-pp

KILOLO KIJAKAZI,

        Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 3)**

---

      The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

      To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). The court entered an order, indicating that the plaintiff's request to proceed without prepaying the filing fee did not contain sufficient information for the court to make a determination as to whether the plaintiff had the ability to pay the fee. Dkt. No. 5 at 1. The court ordered the plaintiff to file an amended request to proceed without prepaying the filing fee. Id. at 2. The plaintiff filed a

1

"Testimonial Affidavit," which provides the information the court needs to determine the plaintiff's ability to pay the fee. Dkt. No. 6.

Based on the facts in the plaintiff's original request and in his testimonial affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff's request indicates that he is not employed and not married. Dkt. No. 3 at 1. The plaintiff states that he has one dependent, a 10-year-old son, he is responsible for supporting and that the amount of support he is to provide each month is $25. Id. The plaintiff's request indicates that he has no monthly wages or salary, and his testimonial states that he receives $250 per month from Foodshare Wisconsin, an additional COVID bonus of $95 per month, an estimated $70 per month from the Wisconsin Home Energy Assistance Program and assistance from the Emergency Broadband Benefit of $30 per month. Dkt. No. 6. In the original request, the plaintiff listed expenses of $865 per month ($665 rent and $200 other household expenses), the plaintiff also listed the $25 per month in court-ordered child support, but did not include that amount in his total monthly expenses. Dkt. No. 3 at 2-3. In his testimonial, the plaintiff explains that the child support was "very recently ordered" and that he has not yet had to make his first payment. Dkt. No. 6. The plaintiff's request states that he does not own his home, he owns a 2001 Saturn L200 worth approximately $1,800, he has $5.23 in cash on hand or in a checking or savings account and he owns no other property of value. Dkt. No. 5 at 3-4. In his testimonial, the plaintiff indicates that his mother pays his rent and that he will ask her for assistance

in making the $25 per month child support payment when his obligation to start paying it commences. Dkt. No. 6. The court can assume that the plaintiff uses the money he receives from the various assistance programs to pay for his food and other household expenses. The court finds that the plaintiff has demonstrated he cannot pay the $350 filing fee and $52 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's claim indicates that he was denied benefits by the Commissioner, that he was disabled during the time period included in this case, and that the Administrative Law Judge (1) failed to consider all severe and non-severe impairments in combination; (2) failed to consider work-related functioning in the assessment of the B criteria; (3) did not include limitations for the plaintiff's diagnosed persistent and severe fatigue in the RFC assessment; (4) violated case law by over reliance on mental status examinations; (5) violated case law by over reliance on activities of daily living in the credibility assessment; and (6) ignored the only examining opinion

3

finding deficits in concentration, persistence and pace. Dkt. No. 1 at 3. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 27th day of May, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
